## MAYER v. BILLS & VINCENT.

### *Appeal from Scott District Court — Thursday, April* 14.

AUTHORITY OF TRUSTEE TO RECEIVE PAYMENT AND DISCHARGE TRUST DEED—NOTICE TO SUBSEQUENT PURCHASER OF TRUST PROPERTY—APPLICATION OF MONEYS IN EQUITY.

In 1856, Powers, as the agent of the respondent Vincent, loaned to one Vanduzer a sum of money, and to secure the same, took a deed

of trust on certain real estate now owned by complainant. Powers was named as the trustee, Vincent the beneficiary. When this debt matured, the borrower paid the same to Powers. This was in June, 1857, and Powers died in February, 1860. Complainant bought the land of Vanduzer in October, 1860. In June, 1861, the respondent, Bills, who had been properly substituted as trustee in the place of Powers, deceased, advertised the land for sale under the trust deed. Complainant thereupon commenced this proceeding to restrain said sale. Upon the final hearing a decree was entered perpetually enjoining the sale, quieting complainant's title; and the respondents appeal.

The opinion of the court was announced by—

WRIGHT, Ch. J.—It is insisted that Powers had no right to receive the money paid by Vanduzer, that his act acknowledging satisfaction of the trust deed given to secure the debt to Vincent was of no avail, as against the beneficiary, and that complainant was bound to know, at the time of his purchase, that the debt had been paid to the person entitled to it or his proper agent. The questions here made are of very grave importance, invested with no little difficulty, and, as we concur in the opinion that the case should be affirmed upon another ground, we do not pass upon them. The testimony satisfies us that Vincent received the benefit of the payment made to Powers. Admiting that Powers, or the firm of Tolman, Powers & McLean, had on authority from Vincent to receive the money, it sufficiently appears that it was accounted for, and the creditor should not, in view of the length of time which had elapsed after the money was paid, after Powers' death, after the failure of said firm, and after the property had passed into other hands, be allowed to assert this claim. So much money was left by him with T. P. & McL., to be loaned upon certain terms and conditions. The testimony fairly shows that he obtained securities from them for an amount fully covering the original deposit, and all sums collected by them, including the Vanduzer debt. Vincent resided in New York, and these securities were sent to him there as they were taken by his agents here. It is true the Vanduzer deed and note were not surrendered by the trustee at the time of paying the money, and that they never were surrendered. At the time of the payment they were in New York. Other instruments were made, however, and the securities received by Vincent, and there is no legitimate way of accounting for the means thus subsequently invested, except upon the hypothesis that the agents used the money received upon this debt.

This conclusion we reach, without reference to certain testimony,

rejected in the court below, on respondents' motion. The correctness of that ruling we need not, therefore, consider.

Affirmed.

*Campbell & Bills* for the appellant—*Davison & True* for the appellee.